**BERGEN OIL & GAS CO. v. ALEXANDER, Collector of Internal Revenue.**

**ALDREW OIL & GAS CO. v. SAME.**

Nos. 4336, 4335.

District Court, W. D. Oklahoma.

Feb. 27, 1933.

---

**VAUGHT, District Judge.**

In each of these actions the plaintiff sues the Collector of Internal Revenue for the recovery of certain excess profits taxes paid by the plaintiffs for the years 1917 to 1920, inclusive, and since the facts in both cases are stipulated, and there is nothing before the court except questions of law, the court deems it unnecessary to state the facts other than generally as a basis for the legal deductions.

The Bergen Oil & Gas Company was organized in 1911 with a paid-in capital stock of $10,000. The Aldrew Oil & Gas Company was organized in 1912 with a capital stock of $10,000, the latter company being a subsidiary corporation of the former.

From March 1, 1913, through the year 1915, under the Act of 1913 (38 Stat. 114), a depletion allowance of 5 per cent. of the total gross production for each year was allowed the plaintiffs. Under the Act of 1918 (40 Stat. 1057), in determining the excess profits tax for the years 1917 to 1920, inclusive, the Commissioner of Internal Revenue, in determining the invested capital of each of the plaintiffs for the respective years of 1917, 1918, 1919, and 1920, declined to accept the depletion of 5 per cent. as "actual depletion," but under the Act of 1918 applied the regulation providing for "sustained depletion," and this increased the amount of taxes collected from each of the plaintiffs, and reduced "invested capital" by the excess of such "actual depletion," over the "percentage depletion," which resulted in additional tax.

█ For the years 1917 and 1918, in determining the extent to which invested capital of said corporations for each year was reduced by dividends paid during the year, the Commissioner of Internal Revenue reduced the amount of current earnings available for dividends at the time of such dividend payments by the amount of a "tentative tax," being the amount of income and profits taxes for the year computed without regard to dividends paid and prorated for the part of the year prior to the dividend payments. The stipula-

tion provides that there were no dividends paid except in the years 1917 and 1918.

The plaintiffs contend that under the second proposition the Commissioner had no power to compute said tentative tax. It was admitted in the argument of this case that the contention of the plaintiffs is correct, the Supreme Court of the United States in Daily Pantagraph, Inc., v. United States, 282 U. S. 813, 51 S. Ct. 214, 75 L. Ed. 728, having fully determined this question, and the court therefore finds for the plaintiffs on this proposition.

█ The next question is whether in determining the invested capital for the respective years 1917 to 1920, inclusive, the Commissioner was justified in refusing to accept the annual deduction of 5 per cent. on the gross income as an allowable depletion for that period, as provided under the Act of 1913, or whether he had the right, under the regulation of the Commissioner, as provided for by the Act of 1918 (40 Stat. 1057), to ascertain said invested capital by deducting the "sustained depletion" for the years 1913 to 1915, inclusive.

The counsel in this case have filed briefs and cited numerous authorities. The case, however, which this court recognizes as being in point and controlling of this question is Burnet, Commissioner of Internal Revenue, v. Thompson Oil & Gas Co., 283 U. S. 301, 51 S. Ct. 418, 419, 75 L. Ed. 1049. In that case the Supreme Court said: "It is clear that Congress intended that the lessee of an oil well should be entitled to a reasonable allowance for depletion based upon cost or March 1, 1913 value. It did not however attempt to prescribe a formula for ascertaining it, but expressly delegated that function to the Commissioner of Internal Revenue, who was to make rules and regulations to that end. Pursuant to this authority, regulations were made, which required the deduction of depletion theretofore sustained in ascertaining the capital remaining in any year recoverable by depletion deductions. It is undisputed that the Commissioner calculated the depletion deduction in this case in accordance with the regulations."

Under Regulation 45, United States Internal Revenue, relating to the income tax and war profits and excess profits tax under Revenue Act of 1918, article 203, under the general heading "Deductions Allowed: Depletion," we find:

"Capital recoverable through depletion deductions in the case of lessee,

"(a) In the case of lessee the capital remaining in any year recoverable through depletion and depreciation deductions is

"(1) The value of the basic date of the lessee's equity in the property, plus

"(2) Subsequent allowable capital additions but, minus

"(3) Depletion and Depreciation sustained, whether legally allowable or not, from the basic date to the taxable year."

Reference is made in the briefs to the case of United States v. Ludey, 274 U. S. 295, 47 S. Ct. 608, 71 L. Ed. 1054, but the court does not think that this case is applicable because that had to do with the sale of property, and the Supreme Court, in Burnet v. Thompson Oil & Gas Co., supra, says:

"The court below relied on certain statements in the opinion in the Ludey Case which were applicable in the determination of gain on a sale, but which do not apply in this case, for if the sale of each barrel of oil were a partial sale of the reserve (which it is not) to apply the rule which respondent seeks to deduce from the Ludey Case would increase the cost or 1913 value of each barrel sold, in determining gain or loss in 1918, beyond its actual cost or 1913 value, solely by reason of the fact that too low a cost or 1913 value was taken for barrels sold in prior years.

"The decision in the Ludey Case has been adopted in the later statutes as affecting sales of capital assets, but the provision for annual depletion allowance has remained substantially unchanged."

The plaintiffs concede in their brief that the determination of invested capital in these cases was made under the provisions of Regulation 45 above quoted, but they contend that such regulations are not consistent with the act. However, since the Supreme Court in the Thompson Oil & Gas Co. Case, supra, has held that article 203 of said Regulation 45, pertaining to the determination of a taxpayer's capital sum recoverable through depletion and depreciation deductions, is reasonable and valid, and since the provisions of said articles 838 and 839 are similar to and substantially the same as those in said article 203 so approved by the Supreme Court, this court feels constrained to hold that said articles 838 and 839 are reasonable and valid regulations and are controlling here.

The court, therefore, finds for the defendant on the second proposition.

By the provisions of the Legislative Appropriations Act effective June 30, 1932, interest on any amount of internal revenue taxes recovered is allowable at the rate of only 4 per cent. per annum from the effective date of that act. The judgment of the court, therefore, is that the plaintiffs, respectively, recover from the defendant the several amounts stated below, with interest thereon at the rate of 6 per cent. per annum from the stated dates of payment to June 30, 1932, and at the rate of 4 per cent. thereafter: The Bergen Oil & Gas Company for the year 1917, the sum of $121.49, with interest from June 4, 1924; for the year 1918, the sum of $332.58, with interest from April 18, 1924; for the year 1919, the sum of $10.11, with interest from April 18, 1924; and for the year 1920, the sum of $28.82, with interest from June 17, 1924. The Aldrew Oil & Gas Company, for the year 1917, the sum of $30.37, with interest from June 4, 1924; for the year of 1918, the sum of $80.78, with interest from April 1, 1924; and, for the year 1919, the sum of $6.34, with interest from April 18, 1924. All as provided in paragraph 15 of the stipulation.

It is furthermore the judgment of the court that the plaintiff take nothing under the second proposition as provided in paragraph 14 of said stipulation. The costs are taxed against the defendant in each case, and an exception is allowed the plaintiff in each case.

A form of judgment in each case may be submitted consistent with this opinion.